**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
BODRUL ISLAM, UZZOL SIDDIKY and
ASHRAF AHMED, on behalf of themselves and on
behalf of other similarly-situated individuals,                    Index No. 16 Civ. 00927 (PGG)

                            Plaintiffs,

        -against-

BYO CO. (USA), LTD. d/b/a EN JAPANESE
BRASSERIE,

                            Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION, COURT-FACILITATED NOTICE, AND
<u>DISCLOSURE OF CONTACT INFORMATION</u>**

**MINTZ & GOLD LLP**
Jeffrey D. Pollack
Timothy J. Quill, Jr.
600 Third Avenue, 25th Floor
New York, New York 10016
Telephone:  (212) 696-4848
Facsimile:  (212) 696-1231
*Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ...................................................................................................................... 2

ARGUMENT ............................................................................................................................ 5

     Plaintiffs Fail to Satisfy their Burden and the Motion Should Be Denied ......................... 5

        A.     Proposed Representative Plaintiffs Lack a Sufficient Basis of Knowledge
               to Demonstrate that They and Potential Opt-In Plaintiffs Were Victims
               of a Common Policy or Plan that Violated the Law ................................................ 7

        B.     Plaintiffs Rely on Conclusory Assertions and their Declarations Lack
               Details and Specifics ............................................................................................ 11

        C.     Named Plaintiffs Are Not Similarly Situated to the Proposed Collective ............. 14

CONCLUSION ....................................................................................................................... 17

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Chhab v. Darden Rests., Inc.*,
    No. 11 Civ. 8345 (NRB), 2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sept. 20, 2013) ...... 7

*Espinoza v. 953 Assocs. LLC*,
    280 F.R.D. 113 (S.D.N.Y. 2011) ................................................................................. 6, 11

*Flood v. Carlson Rests., Inc.*,
    94 F. Supp. 3d 572 (S.D.N.Y 2015) ................................................................................... 8

*Fu v. Mee May Corp.*,
    No. 15 Civ. 4549 (KPF), 2016 U.S. Dist. LEXIS 53199
    (S.D.N.Y. Apr. 20, 2016) ............................................................................................ 12, 13

*Garcia v. Spectrum of Creations, Inc.*,
    102 F. Supp. 3d 541 (S.D.N.Y. 2015) .......................................................................... 6, 10

*Guillen v. Marshalls of MA, Inc.*,
    750 F. Supp. 2d 469 (S.D.N.Y. 2010) ............................................................................... 6

*Hoffman v. Sbarro, Inc.*,
    982 F. Supp. 249 (S.D.N.Y. 1997) .................................................................................... 6

*Hoffman-La Roche, Inc. v. Sperling*,
    493 U.S. 165 (1989) ........................................................................................................... 5

*Khamsiri v. George & Frank's Japanese Noodle Rest., Inc.*,
    No. 12 Civ. 0265 (PAE), 2012 U.S. Dist. LEXIS 76660 (S.D.N.Y. Jan. 10, 2010)......... 10

*Lianyuan Feng v. Hampshire Times*,
    No. 14 Civ. 7102 (SHS) (JLC), 2015 U.S. Dist. LEXIS 29899
    (S.D.N.Y. Mar. 11, 2015) ................................................................................................ 13

*Lynch v. United Servs. Auto. Ass'n*,
    491 F. Supp. 2d 357 (S.D.N.Y. 2007) ............................................................................... 8

*Mata v. Foodbridge LLC*,
    No. 14 Civ. 8754 (ER), 2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015) .............. 6

*Mendoza v. Casa de Cambio Delgado, Inc.*,
    No. 07 Civ. 2579 (HB), 2008 U.S. Dist. LEXIS 27519
    (S.D.N.Y. Apr. 7, 2008) ...................................................................................... 5, 6, 11

*Morales v. Plantworks, Inc.*,
    No. 05 Civ. 2349 (DC), 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006) .......... 6, 11

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010) ................................................................................. 5, 6

*Qing Gu v. T.C. Chikurin, Inc.*,
    No. CV 2013-2322 (SJ) (MDG), 2014 U.S. Dist. LEXIS 53813
    (E.D.N.Y. Apr. 17, 2014) ......................................................................................... 16

*Reyes v. Nidaja, LLC*,
    No. 14 Civ. 9812 (RWS), 2015 U.S. Dist. LEXIS 101728 (S.D.N.Y. Aug. 3, 2015) ...... 12

*Salinas v. Starjem Rest. Corp.*,
    123 F. Supp. 3d 442 (S.D.N.Y. 2015) ....................................................................... 7

*Salomon v. Adderley Indus.*,
    847 F. Supp. 2d 561 (S.D.N.Y. 2012) ..................................................................... 13

*Sanchez v. JMP Ventures, LLC*,
    No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980
    (S.D.N.Y. Jan. 27, 2014) ............................................................................... *passim*

*Shajan v. Barolo, Ltd.*,
    No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ...................... 16, 17

*Tamay v. Mr. Kabob Rest. Inc.*,
    No. 15 Civ. 5935 (JMF), 2016 U.S. Dist. LEXIS 5612 (S.D.N.Y. Jan. 15, 2016) ........... 16

*Uzzol Siddiky, et al. v. Patina Restaurant Group, LLC, et al.*,
    No. 16 Civ. 328 (S.D.N.Y. 2016) (RJS) ....................................................................... 4

*Uzzol Siddiky, et al. v. Union Square Hospitality Group, LLC, et al.*,
    No. 15 Civ. 9705 (S.D.N.Y. 2015) (WHP) ................................................................... 4

**Statutes**

29 U.S.C. § 216(b) ........................................................................................................ 5

**Other Authorities**

Dept. of Labor Field Operations Handbook § 30d00(e) ................................................ 8

Wright, Miller, & Kane, 7B *Federal Practice and Procedure* § 1807 ......................... 6

Defendant BYO Co. (USA), Ltd. d/b/a En Japanese Brasserie ("En Japanese Brasserie" or "Defendant"), by and through its attorneys, Mintz & Gold LLP, submits this memorandum of law in opposition to the motion of Plaintiffs Bodrul Islam ("Islam") and Ashraf Ahmed ("Ahmed") (together, the "Proposed Representative Plaintiffs") to conditionally certify this matter as a collective action under the Fair Labor Standards Act ("FLSA") (the "Motion").[1]

## PRELIMINARY STATEMENT

Proposed Representative Plaintiffs[2] – who were employed <u>only as Bussers</u> at En Japanese Brasserie, and <u>worked a combined total of only twenty days</u> – seek to represent a collective of all front-of-house service staff at the restaurant, including Servers, Bussers, Runners, Bartenders, and other regularly and customarily tipped employees over a three-year period, based on allegations that En Japanese Brasserie included ineligible employees in its tip pool. However, as detailed below, Proposed Representative Plaintiffs cannot satisfy their burden of demonstrating a "modest factual showing" that they are "similarly situated" to the proposed collective they seek to represent because, *inter alia*: (1) the Named Plaintiffs' declarations are conclusory and lack even the most basic indicia of reliability required to support conditional certification; (2) one of the Proposed Representative Plaintiffs never served as a busser, never participated in the tip pool, and was never paid a tip credit-adjusted wage; and (3) the other Proposed Representative

---

[1]     Defendant denies that Plaintiffs are entitled to the relief they seek in this action, but in this memorandum addresses only Plaintiffs' motion for conditional certification. Defendant reserves its right to seek to decertify the proposed collective and to oppose certification of the proposed NYLL class at a later date.

[2]     "Proposed Representative Plaintiffs" refers only to Bodrul Islam and Ashraf Ahmed, and does not include Uzzol Siddiky ("Siddiky"), whom Plaintiffs withdrew as a proposed representative plaintiff after Defendant raised the issue that Siddiky had been arrested for allegedly stealing from a coworker. Islam, Ahmed, and Siddiky are collectively referred to herein as "Named Plaintiffs."

Plaintiff—the only one who actually worked as a tipped busser—was an employee of En Japanese Brasserie for less than two weeks and thus has no factual basis to make such allegations.

In fact, the only Named Plaintiff who worked sufficient time to support the allegations in his declaration, Uzzol Siddiky, is not presented as a Proposed Representative Plaintiff—likely a tactical decision by Plaintiffs' counsel because Siddiky was arrested for allegedly stealing from another En Japanese Brasserie employee and potential putative collective member.

Because Proposed Representative Plaintiffs have failed to provide a sufficient factual basis for the Court to find that they are similarly situated to the collective they purport to represent, and because Named Plaintiffs' declarations lack any indicia of reliability, the Court should deny the Motion. In any event, if the Court grants conditional certification, the Court should limit the collective to Bussers only.

## **BACKGROUND**

Named Plaintiffs filed their Complaint in this action on February 5, 2016, seeking to bring a collective and class action on behalf of themselves and all other similarly situated front-of-house tipped service employees of En Japanese Brasserie. (Declaration of Timothy J. Quill, Jr., dated September 12, 2016 ("Quill Decl.") ¶ 1). In their Complaint, Named Plaintiffs allege that Defendant violated the FLSA and New York Labor Law by maintaining a tip pool in which tip-ineligible employees allegedly participated and yet still claiming a tip credit and paying tipped employees a tip credit-adjusted wage. *See* Dkt. 1.

Defendant filed its Answer on March 11, 2016. Quill Decl. ¶ 2; *see* Dkt. 15. Thereafter, on August 4, 2016, Proposed Representative Plaintiffs filed their Motion, seeking conditional certification of a collective group consisting of Defendant's Servers, Bussers, Runners,

Bartenders, and other allegedly similarly-situated tipped employees. Plaintiffs' Memorandum of Law in Support of the Motion ("Pl. Br.") at 1. In support of their Motion, Plaintiffs submitted declarations from the two Proposed Representative Plaintiffs (Bodrul Islam and Ashraf Ahmed), and the other Named Plaintiff (Uzzol Siddiky). In their declarations, the Named Plaintiffs aver that Bussers and Runners were rotated in as "Polishers" and "Expeditors," respectively, and that the Bussers and Runners assigned to those ostensible positions participated in the tip pool. Named Plaintiffs further aver that they "cannot ever recall" a so-called "Polisher" or "Expeditor" "interact with or provide service directly to customers." Declaration of Jeanne M. Christensen in Support of Plaintiffs' Motion for Conditional Certification ("Christensen Decl."), Ex. 2 ("Islam Decl.") ¶¶ 14-18, 22-26; Christensen Decl., Ex. 3 ("Ahmed Decl.") ¶¶ 15-19, 25-27; Christensen Decl., Ex. 4 ("Siddiky Decl.") ¶¶ 17-20, 24-29.

The Named Plaintiffs purportedly base their declarations on their employment experience at En Japanese Brasserie. Lisa Tobari is a manager of En Japanese Brasserie and has worked at En Japanese Brasserie during the periods of employment of all three Named Plaintiffs. Quill Decl., Ex. 1 (Declaration of Lisa Tobari, sworn to on September 12, 2016) ("Tobari Decl.") ¶¶ 2, 23. She therefore has access to the employment records of the Named Plaintiffs and knows how long each Named Plaintiff actually worked at the restaurant.

- Bodrul Islam was employed by En Japanese Brasserie between May 16, 2015, and May 27, 2015, and worked a total of only eight days. Tobari Decl. ¶¶ 25, 27, 28. During this period, Islam was training as a busser and was paid full minimum wage without a tip credit.  He did not participate in the tip pool. Tobari Decl. ¶¶ 25, 26, 30. Islam quit his employment before finishing his busser-training and never participated in the shared tip pool. Tobari Decl. ¶¶ 29, 30.

- Ashraf Ahmed was employed by En Japanese Brasserie between April 15, 2015, and May 20, 2015, and worked a total of only twelve days. *Id.* ¶¶ 31, 32, 36, 38. For six of those twelve days, he was training as a busser and received minimum wage without a tip credit. During those six days, he did not participate in the shared tip pool. *Id.* ¶ 32. Thus, Ahmed participated in the subject tip pool for only six days. *Id.* ¶ 38.

- Uzzol Siddiky—who is <u>not</u> a Proposed Representative Plaintiff, but rather only a Named Plaintiff—was employed by En Japanese Brasserie between April 18, 2014, and May 26, 2015. *Id.* ¶¶ 39, 42; *see* Pl. Br. at 3 n.2. On May 26, 2015, he was terminated following his arrest for allegedly stealing an iPhone from another En Japanese Brasserie employee. Tobari Decl. ¶ 43. Further, following Siddiky's termination, items missing from other employees were found in his locker. Tobari Decl. ¶ 44; Quill Decl., Ex. 2 (Declaration of Slawomir Piotr Panszczyk, sworn to on September 12, 2016) ("Panszczyk Decl.") ¶ 38; Quill Decl., Ex. 3 (Declaration of Sook Leng Tang, sworn to on September 12, 2016) ("Tang Decl.") ¶ 14.[3]

---

[3]     This is not the first instance in which Siddiky has been a Named Plaintiff in an FLSA lawsuit against his employer. Indeed, Siddiky is a serial FLSA plaintiff. *See, e.g., Uzzol Siddiky, et al. v. Patina Restaurant Group, LLC, et al.*, No. 16 Civ. 328 (S.D.N.Y. 2016) (RJS), and *Uzzol Siddiky, et al. v. Union Square Hospitality Group, LLC, et al.*, No. 15 Civ. 9705 (S.D.N.Y. 2015) (WHP). In both actions, like in Plaintiffs' claim here, Siddiky alleged that the defendants violated the FLSA by unlawfully claiming a tip credit while including Expeditors and other non-service employees in tip pools. In *Patina Restaurant Group*, Siddiky alleged that he was employed as a busser at Lincoln Ristorante for approximately one month – from June 2015 to July 2015 – *i.e.*, immediately after he was terminated by En Japanese Brasserie. *See* No. 16 Civ. 328, Dkt. 1, ¶ 10. In *Union Square Hospitality Group*, Siddiky alleged that he was employed as a busser at Gramercy Tavern from July 2015 to November 2015 – *i.e.*, immediately after he left his employment at Lincoln Ristorante. *See* No. 15 Civ. 9705, Dkt. 1, ¶ 15. Wigdor LLP, Plaintiffs' counsel in this case, represents Siddiky in both of those actions as well.

## ARGUMENT

### Plaintiffs Fail to Satisfy their Burden and the Motion Should Be Denied

The legal and factual support that Plaintiffs present to this Court woefully misses the mark for justifying conditional collective certification. The FLSA permits a plaintiff to maintain an action for unpaid minimum wage on behalf of himself "and other employees similarly situated" who affirmatively opt into the case. 29 U.S.C. § 216(b). District courts are not required, but "have discretion, in <u>appropriate</u> cases," to implement the opt-in process "by facilitating notice to potential plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)) (emphasis added).

In deciding whether to certify an FLSA collective action and permit notice, district courts in the Second Circuit employ a two-step approach. *See Myers*, 624 F.3d at 555. At the first step, the court reviews the pleadings and affidavits to determine whether the plaintiff has sufficiently demonstrated that he is similarly situated to the potential opt-ins. *Id.* At the second step of the analysis, following discovery, courts complete an in-depth examination of the record and make a factual finding regarding whether the plaintiffs who have opted in are, in fact, "similarly situated" to the named plaintiffs. If, after a review of the record following discovery, the court determines that the opt-in plaintiffs are not similarly situated to the named plaintiffs, the action may be "de-certified" and the opt-in plaintiffs' claims dismissed. *Id.* Here, Plaintiffs' Motion seeks conditional certification – the first step in the two-step process.

With respect to the first step, a court should consider granting a plaintiff's request to conditionally certify a collective action only if the plaintiff sufficiently demonstrates that the proposed collective members are "similarly situated." 29 U.S.C. § 216(b); *see, e.g.*, *Myers* at 555; *Mendoza v. Casa de Cambio Delgado, Inc.*, No. 07 Civ. 2579 (HB), 2008 U.S. Dist. LEXIS

27519, at *4 (S.D.N.Y. Apr. 7, 2008). The applicable test to determine whether plaintiffs have met this burden is "whether plaintiffs have established a sufficient 'factual nexus' between their situation and the situation of other putative collective action members." *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 122 (S.D.N.Y. 2011). In other words, the plaintiffs have the burden of demonstrating, through a "modest factual showing," that they and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Myers* at 555 (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

Although the burden on plaintiffs at the first step is modest, it "cannot be satisfied simply by unsupported assertions." *Myers* at 555 (internal quotations and citations omitted). Indeed, the burden "is not non-existent and the factual showing . . . must still be based on some substance." *Garcia v. Spectrum of Creations, Inc.*, 102 F. Supp. 3d 541, 548 (S.D.N.Y. 2015) (quoting *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010)). "[C]onclusory allegations are not enough." *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 U.S. Dist. LEXIS 4267, at *6 (S.D.N.Y. Feb. 2, 2006) (quoting Wright, Miller, & Kane, 7B *Federal Practice and Procedure* § 1807, at 490-91). A plaintiff must provide specific facts, including where or when observations or conversations relied upon occurred. *Sanchez v. JMP Ventures, LLC*, No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980, at *5 (S.D.N.Y. Jan. 27, 2014). These details are "critical in order for the Court to determine the appropriate scope of the proposed class and notice process." *Mata v. Foodbridge LLC*, No. 14 Civ. 8754 (ER), 2015 U.S. Dist. LEXIS 70550, at *10 (S.D.N.Y. June 1, 2015) (quoting *Sanchez* at *2).

Here, Plaintiffs have utterly failed to satisfy their burden because: (A) they lack a sufficient basis of knowledge to support the purported facts asserted in their declarations; (B) in support of their Motion, they fail to identify specific facts and instead rely on conclusory

assertions; and (C) they simply are not similarly situated to the proposed collective they seek to represent. Accordingly, Plaintiffs' Motion for Conditional Collective Certification should be denied.

> **A.      Proposed Representative Plaintiffs Lack a Sufficient Basis of Knowledge to Demonstrate that They and Potential Opt-In Plaintiffs Were Victims of a Common Policy or Plan that Violated the Law**

Plaintiffs cannot meet even their modest burden of demonstrating a common policy or plan that violates the law because, as a result of their brief periods of employment, they lack a sufficient basis of knowledge on which to make such allegations. Plaintiffs apparently seek conditional certification based on the claim that Bussers and Runners were rotated in as "Polishers" and "Expeditors," respectively, and that they participated in the tip pool despite performing allegedly non-tip-producing duties. Indeed, in their declarations, Named Plaintiffs aver that these tip pool-participating employees did not interact with customers during shifts in which they were assigned to polish and expedite. *See* Islam Decl. ¶¶ 14-18, 22-26; Ahmed Decl. ¶¶ 15-19, 25-27; Siddiky Decl. ¶¶ 17-20, 24-29.

The mere fact that a tip pool-participating employee of En Japanese Brasserie may have performed some tasks that do not involve interaction with customers does not, however, constitute a violation of law. A restaurant service employee may lawfully participate in a shared tip pool even if that employee engages in "side-work" (*i.e.*, related but non-tip-producing work), provided the employee does not spend in excess of twenty percent of his shift performing such related non-tip-producing tasks. *See, e.g.*, *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 470 (S.D.N.Y. 2015) (quoting *Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345 (NRB), 2013 U.S. Dist. LEXIS 135926, at *11 (S.D.N.Y. Sept. 20, 2013)) ("Under the FLSA, 'tipped employees who spend a substantial amount of time, or more than twenty percent of their working time,

engaged in related but non-tip-producing work must be paid the full minimum wage for the time spent performing the non-tipped work.'"); *Flood v. Carlson Rests., Inc.*, 94 F. Supp. 3d 572, 582 (S.D.N.Y 2015) (quoting Dept. of Labor Field Operations Handbook § 30d00(e)) (employer permitted to apply tip credit to tipped employee's time in related but non-tip-producing duties, provided twenty percent or less of employee's time spent on such non-tip-producing tasks).

Here, the declarations submitted in opposition to Plaintiffs' Motion establish that En Japanese Brasserie Bussers, Runners, and Servers spend less than one hour of an eight-hour shift performing related but non-tipped "side-work" – *i.e.*, less than twenty percent of their work time is spent on side-work. Tobari Decl. ¶¶ 13-15; Tang Decl. ¶¶ 8-10; Panszczyk Decl. ¶¶ 13-22. Further, En Japanese Brasserie does not assign an employee to perform the function of an expeditor. Tobari Decl. ¶ 17; Tang Decl. ¶ 3; Panszczyk Decl. ¶ 4; Quill Decl., Ex. 4 (Declaration of Yoshihiro Sakimoto, sworn to on September 12, 2016) ("Sakimoto Decl.") ¶ 3. In contrast, the Named Plaintiffs aver in their declarations that, during their period of employment, they "cannot ever recall" a polisher or expeditor "perform their work on the main dining area of the Restaurant, or bring food to patrons, or otherwise interact with or provide service directly to customers." Islam Decl. ¶¶ 17, 24; Ahmed Decl. ¶¶18, 25; Siddiky ¶¶ 19, 26. In other words, Named Plaintiffs contend that polishers and expeditors never performed tip-producing work.

At "this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). However, there is distinction between resolving a factual dispute and determining whether a plaintiff has any genuine basis, whatsoever, to assert certain facts in his declaration. Here, there is no factual basis for the

averments in the Proposed Representative Plaintiffs' declarations because their employment was far too short-lived for them to acquire such knowledge. Consequently, their averments are not reliable and are insufficient to satisfy their burden of demonstrating a common policy or plan that violated the law.

Islam worked for En Japanese Brasserie for only eight days – and never participated in a tip pool because he was only a trainee (paid the full minimum wage). Tobari Decl. ¶¶ 25, 27, 30. Thus, he cannot possibly know how much time front-of-house employees at the restaurant spent on certain tasks over the course of three years. Similarly, Ahmed, the other Proposed Representative Plaintiff, was employed by Defendant for approximately one month, but worked only twelve days, and six of those twelve days he worked as a trainee (and did not participate in the tip pool).[4] Tobari Decl. ¶¶ 32, 36-38 Accordingly, neither Proposed Representative Plaintiff has a sufficient basis of knowledge to assert alleged facts demonstrating a common policy or plan that violated the law – namely, that polishers and expeditors spent more than twenty percent of their time on non-tip-producing duties.[5] To satisfy their burden, Named Plaintiffs' factual

---

[4]      As noted above, Siddiky, who is not a Proposed Representative Plaintiff, was an employee of En Japanese Brasserie between April 18, 2014, and May 26, 2015. Accordingly, his knowledge base is far more substantial than either Islam's or Ahmed's. However, because there is strong reason to believe that Siddiky is a thief, his declaration is far from reliable. In any event, even Siddiky's thirteen months of work arguably is still insufficient to support conditional certification for all Bussers – let alone all tipped service employees – for a three-year period. *Cf. Sanchez*, 2014 U.S. Dist. LEXIS 14980, at *5-6 & n.1 (denying conditional certification and noting that "plaintiff['s] personal observations alone would only appear to cover seven months . . . of the three-year period for which he seeks conditional certification").

[5]      In their brief, Plaintiffs contend that, "based on the Named Plaintiffs' observations derived from nearly three years of combined employment experience at the Restaurant, they estimate that over 100 tipped employees have worked at the Restaurant during the FLSA Collective Period." Pl. Br. at 4, n.4. Plaintiffs' lack of honesty concerning their combined employment experience further undermines the reliability of their declarations. As noted above, Islam worked for En Japanese Brasserie for less than two weeks, Ahmed for approximately one month, and Siddiky for about thirteen months. Thus, combined, the Named Plaintiffs were

9

showing must be "based on some substance." *Garcia*, 102 F. Supp. 3d at 548. An employee who has worked for an employer less than fifteen days, as Islam and Ahmed have, cannot possibly be in a position to aver whether certain employees did or did not perform certain job functions over the course of three years. Thus, their declarations are not based on substantive experience or knowledge.

Plaintiffs cite *Khamsiri v. George & Frank's Japanese Noodle Rest., Inc.*, No. 12 Civ. 0265 (PAE), 2012 U.S. Dist. LEXIS 76660 (S.D.N.Y. Jan. 10, 2012), to support their argument that a single affidavit from a proposed FLSA class member can be sufficient to meet their burden. *See* Pl. Br. at 12. However, in *Khamsiri*, it was the proposed representative plaintiff who submitted the single affidavit, and he had worked for the defendant for more than three years. Here, in contrast, the only declaration submitted by a Named Plaintiff with a sufficiently lengthy employment term – and thus the only declaration with any indicia of reliability in support of the Motion – is submitted by Siddiky. As noted above, however, Siddiky is not a Proposed Representative Plaintiff – presumably because he allegedly stole an iPhone from a co-employee and one of the potential putative opt-ins. *See* Panszczyk Decl. ¶¶ 26-39; Tobari Decl. ¶ 43.

Because the Named Plaintiffs have limited time working as tip pool-participating bussers at En Japanese Brasserie—and, in the case of Islam, no time at all—they lack the basis of knowledge necessary to reliably assert facts regarding En Japanese Brasserie's practices with respect to tipped employees. As such, they cannot satisfy their burden to demonstrate that they and the proposed opt-in plaintiffs were the victims of a common policy or plan that violated the

---

employed by En Japanese Brasserie for a total of approximately 15 months—far less than the three years Plaintiffs contend in their brief. Plus, Siddiky's employment constitutes all but two of those 15 months, and he is not even a Proposed Representative Plaintiff in this case.

law, and the Motion should be denied.

     **B.**     **Plaintiffs Rely on Conclusory Assertions and their Declarations Lack Details and Specifics**

Even if the Court were to find that Named Plaintiffs have a sufficient basis of knowledge to support the assertions in their declarations, the Motion should still be denied because Named Plaintiffs' submissions are conclusory and lack the details necessary to satisfy their burden. To meet the standard for conditional certification, Plaintiffs must "establish a sufficient 'factual nexus' between their situation and the situation of other putative collective action members." *Espinoza*, 280 F.R.D. at 122. Such a "factual nexus" requires specific details; mere "conclusory allegations are not enough." *Morales*, 2006 U.S. Dist. LEXIS 4267, at *6. Further, submissions that are "boilerplate and virtually identical" do not satisfy a plaintiff's burden. *Mendoza*, 2008 U.S. Dist. LEXIS 27519, at *6. Yet, Named Plaintiffs rely substantially on conclusory assertions—rather than specific details—in supporting their Motion. Although they identify the duties of different positions at En Japanese Brasserie, they do so in virtually identical language and fail to provide any details concerning how they learned these facts. This failure, alone, is reason to deny the Motion.

In *Sanchez v. JMP Ventures, LLC*, the court denied conditional certification, in part, because the plaintiff's affidavit was insufficiently specific. Although the plaintiff averred that the defendant's unlawful policies were the "common practice" at the defendant's restaurants based on his observations and conversations with other employees (whose first names he listed), he did not "provide <u>any</u> detail as to a <u>single</u> such observation or conversation." *Sanchez*, No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980, at *5 (S.D.N.Y. Jan. 27, 2014) (emphasis in original). Because the plaintiff's affidavit lacked such details, the court did "not know where or when these observations or conversations occurred," information that was "critical" for the court

11

to "determine the appropriate scope of the proposed class and notice process." *Id.*

Similarly, in *Reyes v. Nidaja, LLC*, in seeking conditional certification, the plaintiff submitted a declaration stating that he "observed that the other employees" working at the restaurant were not paid overtime. *Reyes*, No. 14 Civ. 9812 (RWS), 2015 U.S. Dist. LEXIS 101728, at *4-5 (S.D.N.Y. Aug. 3, 2015). However, the plaintiff did not "identify any of the other employees by name or indicate the time or circumstances surrounding his observations," nor did he "state that he had conversations with any other employee regarding their treatment, pay, job duties, or responsibilities." *Id.* at *5. The court denied conditional certification because, *inter alia*, plaintiff's non-specific averments failed to establish a common policy.

So too, here, Named Plaintiffs' observations lack the details required to satisfy even their modest burden. For example, in all three declarations, the Named Plaintiffs aver (in identical language) that they "personally observed Runners be rotated in as Expeditors," but they fail to state when such observations occurred or specifically identify any other employee whom they observed. Islam Decl. ¶ 26; Ahmed Decl. ¶ 27; Siddiky Decl. ¶ 29. Further, the Named Plaintiffs fail to present a single, specific observation to support their allegation that so-called Polishers and Expeditors did not perform tip-producing duties. Thus, despite Plaintiffs' argument, the Named Plaintiffs have <u>not</u> "submitted detailed sworn declarations demonstrating that Defendant improperly included non-service employees in the tip pool." *See* Pl. Br. at 13.

In *Sanchez*, where the court denied conditional certification, at least the plaintiff attempted to list the first names of the other employees whom he observed and with whom he had conversations. *See Sanchez* at *5. Here, Named Plaintiffs do not even accomplish that. As the court stated in *Fu v. Mee May Corp.*:

> [A] plaintiff cannot simply state his belief that others are similarly situated based
> on conversations with or observations of those other potential opt-in members;

> rather, he must supply additional detail regarding the particular conversations or observations substantiating the belief. There is a "consensus in this district that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations."

No. 15 Civ. 4549 (KPF), 2016 U.S. Dist. LEXIS 53199, at *5-6 (S.D.N.Y. Apr. 20, 2016)

(quoting *Reyes* at *7). Named Plaintiffs provide no such detail.

Further, Named Plaintiffs fail to assert affirmatively that Polishers and Expeditors performed only non-tip-producing duties based on, for example, conversations with other putative plaintiffs. Instead, Named Plaintiffs simply aver that they "cannot ever recall" polishers and expeditors performing such tasks. Islam Decl. ¶¶ 17, 24; Ahmed Decl. ¶¶ 18, 25; Siddiky Decl. ¶¶ 19, 26. This, too, is a far cry from the detail required to substantiate their beliefs. Indeed, Named Plaintiffs' inability to recall such facts is comparable to a lack of awareness concerning whether a practice actually occurred, and lack of awareness is an insufficient factual basis to support conditional certification. *See Lianyuan Feng v. Hampshire Times*, No. 14 Civ. 7102 (SHS) (JLC), 2015 U.S. Dist. LEXIS 29899, at *8 (S.D.N.Y. Mar. 11, 2015) (plaintiffs' affidavits, averring merely that they were "unaware of any employees who receive overtime pay," were "not a sufficient factual basis on which to conditionally certify a FLSA collective action as to all of [d]efendants' non-managerial, non-exempt employees").

Plaintiffs cite *Salomon v. Adderley Indus.*, 847 F. Supp. 2d 561 (S.D.N.Y. 2012), to support their argument that Named Plaintiffs' declarations are sufficient to meet their burden. Pl. Br. at 12. However, in *Salomon*, the named plaintiffs submitted declarations identifying coworkers, by name, with whom they had conversations regarding the defendant's failure to pay overtime. *Salomon*, 847 F. Supp. 2d at 564-65 & n.8, 11. In the instant case, Named Plaintiffs do not reference a single other employee of En Japanese Brasserie by name.

Because Named Plaintiffs' declarations are rife with conclusory assertions and lack specificity, Plaintiffs fail to satisfy even their modest burden required to demonstrate that they are similarly situated to employees whom they seek to include, and whom Proposed Representative Plaintiffs seek to represent, in the putative collective action. Accordingly, their Motion should be denied.

### C.      Named Plaintiffs Are Not Similarly Situated to the Proposed Collective

Regardless of the reliability of Named Plaintiffs' averments or the details contained within their declarations, Proposed Representative Plaintiffs simply are not similarly situated to the proposed collective they seek to represent. In support of their Motion, Plaintiffs have submitted pay stubs from Proposed Representative Ashraf Ahmed.[6] Noticeably absent from their Motion papers, however, are pay stubs from the other Proposed Representative Plaintiff – Bodrul Islam. There is a good reason for this. Had Plaintiffs submitted Islam's pay stubs, they would reflect that he was paid the full minimum wage of $8.75 per hour, meaning that En Japanese Brasserie did not claim a tip credit in connection with his work. Tobari Decl. ¶ 30. This makes sense, because Islam was <u>never</u> employed by Defendant as an actual Busser – he never finished training and thus never participated in the tip pool. Tobari Decl. ¶¶ 25, 29, 30. By definition, then, Islam is not similarly situated to the putative opt-in plaintiffs.

Siddiky also is not similarly situated to the putative opt-in plaintiffs and is not an appropriate representative of the putative collective. On May 26, 2015, Siddiky was arrested for allegedly stealing the iPhone of Slawomir Piotr Panszczyk, a server at En Japanese Brasserie (and Siddiky's coworker at the time). Tobari Decl. ¶ 43. The theft occurred on En Japanese

---

[6]      Plaintiffs also submitted pay stubs from Named Plaintiff Uzzol Siddiky, but, as noted above, Plaintiffs have elected *not* to select Siddiky as a Proposed Representative Plaintiff.

Brasserie's premises. *Id.*; Panszczyk Decl. ¶¶ 27-37. Further, after Siddiky was terminated, items missing from other En Japanese employees were found in Siddiky's work locker. Panszczyk Decl. ¶ 38; Tobari Decl. ¶ 44; *see* Sakimoto Decl. ¶ 8. Given Siddiky's alleged theft from tip pool-participating employees whom Plaintiffs purportedly seek to include in their proposed collective, he cannot possibly represent other tip pool-participating employees.[7] Thus, it is not at all surprising that Plaintiffs have not named Siddiky as a Proposed Representative Plaintiff. Nevertheless, Plaintiffs submitted a declaration from Siddiky to support their Motion because—unlike Islam and Ahmed—Siddiky actually worked for Defendant for more than a month. *See* Tobari Decl. ¶¶ 27, 38, 42. In fact, Siddiky is the only Named Plaintiff employed by En Japanese Brasserie for any lengthy period of time. *See id.*

Even if Islam had actually finished his busser training and participated in the tip pool, and even if Plaintiffs named Siddiky as a Proposed Representative Plaintiff (rather than merely a Named Plaintiff), Named Plaintiffs still would not be similarly situated to the putative collective they seek to represent. Plaintiffs seek conditional certification of a broad collective, including Servers, Runners, Bartenders, Bussers, and all other tip pool-participating employees of En Japanese Brasserie over the course of three years. Despite Named Plaintiffs' averments that "the duties and responsibilities of Bussers were essentially the same as other front of house employees," they acknowledge that Bussers, Servers, Runners, and Bartenders all performed

---

[7]     Siddiky's alleged theft from his coworkers also demonstrates his penchant for deceit. In addition to the iPhone and other items allegedly stolen from En Japanese Brasserie employees, Siddiky somehow "obtained" from Defendant the tip sheets that Plaintiffs submitted in support of their Motion. *See* Pl. Br. at 3; Christensen Decl. Ex. 7; Siddiky Decl. ¶ 13. The tip sheets are property of En Japanese Brasserie and are not distributed to employees. Further, the majority of the tip sheets Siddiky "obtained" are from dates subsequent to Siddiky's termination. Tobari Decl. ¶ 45. It is, therefore, unclear how Siddiky gained access to these tip sheets. *Id.* Defendant intends to use all of these facts to challenge Siddiky's credibility as a Named Plaintiff and witness if this action moves forward.

different tasks. *See* Islam Decl. ¶¶ 4, 7-10; Ahmed Decl. ¶¶ 4, 7-10; Siddiky Decl. ¶¶ 3, 6-10; *see also* Tobari Decl. ¶¶ 13-15; Panszczyk Decl. ¶¶ 11-22; Tang Decl. ¶¶ 8-10. Because all three Named Plaintiffs aver that they worked only as Bussers, they are not similarly situated to the far broader proposed collective they seek to represent, and the Motion should be denied. *See, e.g.*, *Tamay v. Mr. Kabob Rest. Inc.*, No. 15 Civ. 5935 (JMF), 2016 U.S. Dist. LEXIS 5612, at *5-6 (S.D.N.Y. Jan. 15, 2016) (limiting conditionally certified collective to deliverymen and kitchen staff, rather than all non-managerial restaurant employees, because "plaintiffs worked only in the positions of dishwasher, deliveryman, grill man, and food runner/busboy"); *Sanchez*, 2014 U.S. Dist. LEXIS 14980, at *4-6 (denying conditional certification where plaintiff worked solely as delivery person but sought to include a "variety of potential opt-in plaintiff[s]" including "all tipped employees, at three restaurants, over a three-year period"); *Qing Gu v. T.C. Chikurin, Inc.*, No. CV 2013-2322 (SJ) (MDG), 2014 U.S. Dist. LEXIS 53813, at *13 (E.D.N.Y. Apr. 17, 2014) (denying conditional certification to an "overly broad class" including "all restaurant employees" because without further information, the court could not find that "all of these employees are similarly situated to plaintiffs"). Accordingly, even if the Court were to grant conditional certification, the collective should be limited to Bussers only.

In support of their Motion, Plaintiffs rely heavily on *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010), in which Judge McMahon granted conditional certification and chastised defendants for suggesting that plaintiffs needed to specifically describe the duties of waiters, busboys, and bartenders in order for the court to determine whether the plaintiffs were similarly situated to the potential opt-ins. In *Shajan*, however, declarations in support of conditional certification were submitted by employees representing four different positions – two Bussers, a Runner, a Barback/Bartender, and a

Waiter. *See Shajan*, No. 10 Civ. 1385, ECF Dkt. Nos. 16-20. Thus, the court received declarations from plaintiffs representing employees serving in each of the varying positions the plaintiffs sought to include in the collective. Here, in contrast, Plaintiffs have provided declarations only from Bussers, while seeking certification of the far broader collective of all tip-pool participating employees. Thus, *Shajan* is distinguishable from the instant case and does not validate Plaintiffs' argument that they are entitled to conditional certification.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court deny with prejudice Plaintiffs' Motion for Conditional Certification, Court-Facilitated Notice, and Disclosure of Contact Information. If the Court grants conditional certification, Defendant respectfully requests that the collective be limited solely to Bussers.

Dated: New York, New York
          September 12, 2016

Respectfully submitted,

**MINTZ & GOLD LLP**

Jeffrey D. Pollack
Timothy J. Quill, Jr.
600 Third Avenue, 25th Floor
New York, New York 10016
Telephone:  (212) 696-4848
Facsimile:  (212) 696-1231
*Attorneys for Defendant*
pollack@mintzandgold.com
quill@mintzandgold.com

17