# Mintz & Gold LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| STEVEN W. GOLD | 600 THIRD AVENUE | *SENIOR COUNSEL* |
| STEVEN G. MINTZ* | 25TH FLOOR | LISABETH HARRISON |
| ALAN KATZ | NEW YORK, NEW YORK 10016 | JACK A. HORN |
| JEFFREY D. POLLACK* | | NOREEN E. COSGROVE |
| ELLIOT G. SAGOR | | |
| IRA LEE SORKIN | | *OF COUNSEL* |
| STEVEN A. SAMIDE | TELEPHONE (212) 696-4848 | |
| SCOTT A. KLEIN | FACSIMILE (212) 696-1231 | HONORABLE VITO J. TITONE *(dec.)* |
| TERENCE W. MCCORMICK | | (NY State Court of Appeals 1985-1998) |
| ROBERT B. LACHENAUER | www.mintzandgold.com | HONORABLE HOWARD MILLER |
| KEVIN M. BROWN | | (NY Appellate Div. 1999-2010 [ret.]) |
| ALEXANDER H. GARDNER | | HARVEY J. HOROWITZ |
| HEATH LORING | | NEAL M. GOLDMAN |
| PETER GUIRGUIS | | ERIC M. KUTNER |
| AMIT SONDHI* | | ANDREW P. NAPOLITANO⁺ |
| ROBIN C. FRIED | | |
| RYAN W. LAWLER* | | ⁺ADMITTED TO PRACTICE ONLY BEFORE ALL |
| TIMOTHY H. WOLF | | COURTS IN NEW JERSEY AND ALL FEDERAL COURTS |
| TIMOTHY J. QUILL, JR. | | IN NEW YORK CITY |
| JULIA B. MILNE | | |
| ADAM D. FRIEDLAND | | |
| MARIA EVA GARCIA* | | |
| PETER G. CAPACCHIONE | | |

*ALSO ADMITTED IN NEW JERSEY

July 28, 2017

Via ECF and Facsimile (212-805-7986)
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Re:    Islam, et al. v. BYO Co. (USA), Ltd. d/b/a EN Japanese Brasserie
             No. 16 Civ. 927 (PGG)

Dear Judge Gardephe:

      This firm is counsel for Defendant BYO Co. (USA), Ltd. d/b/a EN Japanese Brasserie ("EN") in the above-referenced matter. We write, pursuant to Rule IV.A. of Your Honor's Individual Rules of Practice in Civil Cases, to request permission for a pre-motion conference concerning EN's anticipated Rule 12(b)(6) motion, seeking dismissal of Plaintiffs' Amended Complaint (Dkt. 49). Plaintiffs do not consent to our request.

      The Amended Complaint should be dismissed because Plaintiffs fail to allege facts supporting a claim that EN violated the Fair Labor Standards Act ("FLSA"). As the Court is aware, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" meaning that the facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, however, Plaintiffs fail to allege any

# MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Paul G. Gardephe
July 28, 2017
Page 2 of 5

misconduct whatsoever because the factual allegations they include in their Amended Complaint, even if true, do not constitute a violation of the FLSA.[1]

Under the FLSA, employers are permitted to claim a tip credit allowance for "tipped employees" for a portion of an employee's minimum wage, provided the tip credit does not exceed the value of the tips the employee received, and the hourly wage and tips, together, are at least as much as the minimum wage. *Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234, 240 (quoting 29 U.S.C. § 203(m)); *Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004, at *2 (S.D.N.Y. Sept. 20, 2013). The FLSA defines a "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). Bussers and runners are generally considered tipped employees. 2016 Dep't of Labor Field Operations Handbook ("DOL FOH") § 30d04(b). Under the law, an employee does not lose his "tipped" status merely because he spends a portion of his time performing related non-tip-generating duties (sometimes referred to as "side work"). Indeed, the Department of Labor Regulations interpreting the FLSA state that an employer may "take a tip credit for time spent in duties related to the tipped occupation of an employee, even though such duties are not by themselves directed toward producing tips, provided such related duties are incidental to the regular duties of the tipped employees and are generally assigned to the tipped employee." DOL FOH § 30d00(f) (citing 29 C.F.R. 531.56(e)); *see Chhab*, 2013 WL 5308004, at *3).

The Department of Labor has further clarified this rule, stating that an employer is permitted to claim a tip credit allowance for an employee performing side work, provided the time the employee spends on that non-tip-producing work does not exceed twenty percent of the workweek. *Flood v. Carlson Restaurants, Inc.*, 94 F. Supp. 3d 572, 582 (S.D.N.Y. 2015) (citing DOL FOH § 30d00(f)). Indeed, as this Court stated in its June 20, 2017 Memorandum Opinion and Order, "[a]s long as [a] busser assigned to polisher duties for a shift spent no more than

---

[1] Plaintiffs' Amended Complaint also includes a claim for violation of the New York Labor Law ("NYLL"). Regardless of the viability of Plaintiffs' state law claims, if their FLSA claim is dismissed, the Court need not exercise federal jurisdiction over the remaining NYLL claim. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Walker v. Merrill Lynch & Co., Inc.*, 181 F. Supp. 3d 223, 236 (S.D.N.Y. Gardephe, J.) ("When all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pending jurisdiction over remaining state law claims and dismissing them without prejudice.") (quoting *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 103 (2d Cir. 1998)); *Fairley v. Collins*, No. 09 Civ. 6894 (PGG), 2011 WL 1002422, at *6 (S.D.N.Y. Mar. 15, 2011) (Gardephe, J.) ("Under 28 U.S.C. § 1367(c), 'a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.'") (quoting *Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006)).

## MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Paul G. Gardephe
July 28, 2017
Page 3 of 5

twenty percent of his workweek on this assignment . . . the alleged practice was not illegal." (Dkt. 42 (the "Order") at 15) (citing *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 470 (S.D.N.Y. 2015); *Flood*, 94 F. Supp. 3d at 582; *Chhab*, 2013 WL 5308004, at *3)).

The FLSA also permits an employer to utilize a tip pool and to claim a tip credit allowance against the minimum wage of employees participating therein, provided that the tip pool "includes only 'employees who customarily and regularly receive tips.'" *Chhab*, 2013 WL 5308004, at *5 (quoting 29 U.S.C. §§ 203(m), (t)). Thus, a tip pool is not invalidated merely because it includes employees who spend a portion of their workweek performing related but generally non-tipped side work; rather, a tip pool is invalidated if it includes tip-ineligible employees, such as janitors, chefs, dishwashers, or salad preparers. DOL FOH § 30d04(f).

In their Amended Complaint, like in their original Complaint (Dkt. 1), Plaintiffs allege that tipped bussers and runners were rotated in to perform non-tipped polishing and expediting duties, respectively, that these employees were included in the restaurant's tip pool, and that EN claimed a tip credit allowance for all the employees in that pool. (Dkt. 49 ¶¶ 26-40). These allegations, however, do not support a claim for an invalid tip pool, nor for any other violation of the FLSA.[2]

As an initial matter, the work of polishers and expeditors is "closely related to the tipped work of bussers and runners." (Order at 15). Indeed, during the conference on June 23, 2017, the Court quoted from a Department of Labor Regulation, which distinguishes between an employee who performs dual occupations (where an employer is not permitted to claim a tip credit allowance for time spent on the non-tip-producing occupation) and an employee who performs one tipped occupation and related but non-tipped "side work". (June 23, 2017 Tr. at 3-4 (citing 29 C.F.R. § 531.56)). Plaintiffs' allegation that, as bussers, they occasionally were rotated in to perform polishing duties, does not support a claim that they are engaged in dual occupations. To the contrary, a busser performing polishing duties is comparable to a waitress spending part of her time washing dishes or glasses – the very example of related non-tip-producing work provided in the Regulation. 29 C.F.R. § 531.56. Thus, Plaintiffs cannot state a claim for an unlawful tip credit with respect to each individual Plaintiff. Nowhere in their Amended Complaint do Plaintiffs allege that Bodrul Islam, Uzzol Siddiky, or Ashraf Ahmed spent more than twenty percent of their workweek performing polishing duties. Indeed, as the Court noted in the Order, "[t]he Complaint and Plaintiffs' declarations do not suggest, much less

---

[2] Plaintiffs style their Amended Complaint as a collective and class action. The purpose of this letter is to request permission to file a motion to dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6). Accordingly, the viability of the Named Plaintiffs serving as representatives of the proposed collective or class (and thereby warranting notification) would not be addressed in EN's requested motion. EN reserves the right to oppose collective and/or class certification at the appropriate time, should the Court deny EN's requested motion to dismiss and Plaintiffs subsequently move for collective and/or class certification.

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Paul G. Gardephe
July 28, 2017
Page 4 of 5

plausibly allege, that any busser or runner who occasionally performed polisher or expeditor duties did so for more than twenty percent of his or her workweek" and there "is no reason to believe" otherwise. (Order at 16). Plaintiffs do not provide any new allegations in their Amended Complaint to alter this fact.

Plaintiffs recognize that they do not – and cannot – claim that Plaintiffs spent more than twenty percent of their workweek performing polishing duties. And they conceded during the June 23 conference that if an employee performs non-tipped side-work for twenty percent or less of his time during the workweek, the employer is permitted to claim a tip credit allowance for that employee. (Tr. at 10). Thus, instead of advancing a claim for violation of the twenty percent rule, Plaintiffs rely on an untenable fallback position – they argue that "a tip pool is invariably invalid where an employer makes tip pool allotments among workers who have performed both tipped and non-tipped work." (Order at 14). Indeed, as Plaintiffs stated on the record during the June 23 conference, they are "not arguing here that there's an 80/20 violation, [they're] arguing that the inclusion of an employee in any given shift who is not doing tipped work and who is part of the tip pool invalidates or vitiates that specific tip pool." (Tr. at 9). Plaintiffs cite no law that supports this proposition, however, and their argument is at odds with a reasonable interpretation of the law.

In their letter seeking permission to file a Motion for Reconsideration (Dkt. 45), Plaintiffs set forth their argument that employees performing less than twenty percent of their workweek on related side work nonetheless cannot be included in a tip pool for the shifts during which they perform that side work. The case law they purportedly rely on, however, does not support their position. They cite *Salinas v. Starjem Rest. Corp.* (*see* Dkt. 45 at 2), but, as the Court noted during the June 23 conference, that case does not help them. (Tr. at 10). On the pages of *Salinas* to which Plaintiffs cite (and quote), the court held that employees in non-tipped occupations (specifically, coffee preparer and stocker) had limited customer interactions that could not justify their inclusion in the tip pool. *See Salinas*, 123 F. Supp. 3d at 456 ("the coffee preparer spends less than 10 minutes running food"), 468 ("the Court concludes that stockers and, on some shifts, the coffee preparer are improperly included in [the] tip pool"). In contrast, in the instant case, the employees at issue are in tipped occupations – busser and runner. If anything, *Salinas* refutes Plaintiffs' argument because the employer in that case utilized a tip pool and the court, nevertheless, applied the twenty percent rule with respect to employees in tip-generating positions. *See id.* at 467-71.

Plaintiffs also cite *Fonseca v. Dircksen & Talleyrand Inc.*, presumably because the polishing and expediting duties in that case allegedly were "rotated" among the bussers and servers. (Dkt. 45 at 2 (quoting *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279, at *2, 4 (S.D.N.Y. Apr. 11, 2014))). However, the court in that case did not discuss how the twenty percent rule impacts otherwise tip-eligible employees in a tip pool.

# MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Paul G. Gardephe
July 28, 2017
Page 5 of 5

Indeed, there is no discussion of the twenty percent rule in *Fonseca* whatsoever. Thus, *Fonseca* does not help Plaintiffs either.

Finally, Plaintiffs cite the 2016 DOL Field Operations Handbook (Dkt. 45 at 2), but that document harms Plaintiffs' position rather than helps it. Based on the allegations in the Amended Complaint, the Plaintiffs' <u>occupation</u> was busser – they spent the vast majority of their time performing busser duties (*i.e.*, customer-facing work for which they "customarily and regularly receive tips"). Performing side work for less than twenty percent of their workweek does not change the nature of their occupation, regardless of whether that side work was performed on twelve separate occasions for thirty minutes each over the course of a week, or on one occasion, for six consecutive hours.

For the reasons set forth above, EN is entitled to judgment as a matter of law dismissing Plaintiffs' FLSA claim. We respectfully request that the Court permit EN to fully present its argument for dismissal pursuant to Rule 12(b)(6).

Respectfully submitted,

Jeffrey D. Pollack

Cc: Plaintiffs' Counsel (By ECF)